1
2
3
4

UNITED STATES DISTRICT COURT

5

DISTRICT OF NEVADA

6

* * *

7

NICKI BOYD,

Case No. 2:15-cv-01814-GMN-PAL

8

Plaintiff,

**ORDER**

9

v.

(IFP App. – Dkt. #1)

LAS VEGAS DETENTION KITCHEN, et al.,

10

Defendant.

11

12      This matter is before the Court on Plaintiff Nicki Boyd's Application to Proceed *In*

13  *Forma Pauperis* (Dkt. #1).  This proceeding is referred to the undersigned pursuant to 28 U.S.C.

14  § 636(b)(1)(A) and LR IB 1-3 and 1-9 of the Local Rules of Practice.

15      Ms. Boyd is a detainee in the custody of the Clark County Detention Center and is

16  proceeding in this action *pro se*, which means that she is not represented by an attorney.  *See*

17  LSR 2-1.  LSR 1-1 of the Local Rules of Practice states that any person who is unable to prepay

18  the fees in a civil case may apply to the Court for authority to proceed *in forma pauperis* ("IFP"),

19  meaning without the prepayment of the full $350.00 filing fee.[1]  Ms. Boyd has requested

20  authority pursuant to 28 U.S.C. § 1915 to proceed IFP; however, her IFP Application is

21  incomplete.

22      LSR 1-2 and § 1915 specifically require three items be submitted to this Court with a

23  prisoner's IFP application: (1) a financial certificate signed by an authorized officer of the

24  institution in which he or she is incarcerated,[2] (2) a copy of his or her inmate trust account

25

26

[1] Pursuant to the Court's Schedule of Fees dated January 1, 2015, the administrative fee of $50.00 does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915.

27

[2] Local Rule LSR 1-2 provides:

28

An application to proceed *in forma pauperis* received from an incarcerated or institutionalized person shall be accompanied by a certificate from the institution certifying the amount of funds currently held in the applicant's trust account at the

statement for the six-month period prior to filing,[3] and (3) a signed financial affidavit showing an inability to prepay fees and costs or give security for them.

Here, Ms. Boyd has submitted the required affidavit, but she did not include a copy of her inmate trust account statement or the financial certificate.  Although Ms. Boyd may qualify to proceed IFP, the Court cannot determine the amount of the initial partial filing fee because she has not submitted the certified trust fund account statement or the financial certificate. Therefore, the Court will deny Ms. Boyd's IFP Application without prejudice.

Accordingly,

**IT IS ORDERED:**

1.   Plaintiff Nicki Boyd's Application to Proceed *In Forma Pauperis* (Dkt. #1) is DENIED WITHOUT PREJUDICE.

2.   The Clerk of Court shall RETAIN the Complaint (Dkt. #1-1).

3.   The Clerk of Court shall mail Plaintiff a blank IFP application for incarcerated litigants along with instructions for completing the application.

4.   Plaintiff shall file a new IFP application, accompanied by a signed and executed financial certificate, a signed and executed financial affidavit, and a statement of her inmate trust account.

5.   Plaintiff shall have until **December 30, 2015**, to file a new IFP application.

6.   Alternatively, Plaintiff shall pay the filing fee of three hundred fifty dollars ($350.00), accompanied by a copy of this Order, on or before **December 30, 2015**.

/ / /

---

institution and the net deposits in the applicant's account for the six (6) months preceding the submission of the application. If the applicant has been at the institution for less than six (6) months, the certificate shall show the account's activity for such period.

[3]  28 U.S.C. §  1915(a)(2) states:

A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), *shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint* or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

(emphasis added).

2

7.  Plaintiff's failure to comply with this Order by (a) submitting a new IFP application, or (b) paying the filing fee before the **December 30, 2015** deadline will result in a recommendation to the District Judge that this case be dismissed.

Dated this 30th day of November, 2015.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE